AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TAVARESS WILSON | ) | Case No.  12-8283-DLB |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 19, 2012 _____ in the county of _____ Palm Beach _____ in the _____ Southern _____ District of _____ Florida _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922g | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
_Complainant's signature_

TFO Troy Raines
_Printed name and title_

Sworn to before me and signed in my presence.

Date: _____ 07/19/2012 _____

_____
_Judge's signature_

City and state: _____ WEST PALM BEACH, FLORIDA _____    DAVE LEE BRANNON, U.S. MAGISTRATE JUDGE
_Printed name and title_

## AFFIDAVIT

Your affiant, Troy L. Raines, first being duly sworn, does hereby depose and state as follows:

1. Your affiant has been a police officer for over seventeen years. Your affiant was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department Salisbury, MD. Your affiant has been employed as a certified Police Officer since August 2001 until present with the Boynton Beach Police Department, Boynton Beach, FL. During this tenure, your affiant has been involved in patrol operations, street crimes units, and Detective Bureau. Your affiant has been involved in several investigations involving violent crimes as an investigator in Maryland and Florida, several of which resulted in successful convictions. Your affiant has been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes. Your affiant has received numerous hours of training in Homicide Investigations, Narcotics Investigations, Street Gang investigations, Investigative Interviewing Procedures. Since September 2006, your affiant has been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit. Your affiant was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) in December 2009. Your affiant's responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44). This affidavit is based upon your affiant's personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians.

2. On July 18, 2012 at approximately 11:28 PM Boynton Beach Police Department (BBPD) Officers responded to an alarm at South Technical Education School.  Upon arrival, officers observed two subjects fleeing from the location.  Officers established a perimeter around the school and within a few minutes observed a suspicious vehicle leaving the area.  Officers attempted to stop the vehicle for investigation, and saw two black males fled on foot from the vehicle.  After several minutes of searching the area, the defendant, Tavaress WILSON was located behind a storage complex.  WILSON was completely wet and appeared that he had been hiding from the police in a nearby canal.  WILSON was later identified by an officer as one of the subjects that fled from the vehicle and was placed under arrest and taken to BBPD.

3. During this time, other BBPD officers conducted a traffic stop of another vehicle that was suspiciously circling the same area.  Upon contact, the driver, identified as Letresa Witherspoon, stated that her boyfriend WILSON had called her and told her to come pick him up.  It was determined that Witherspoon had a suspended driver's license and was placed under arrest and taken to BBPD.  At this time, BBPD Detective Llopis was speaking with Witherspoon about WILSON and was attempting to identify cell phones recovered from the first suspicious vehicle.  Witherspoon pointed to one of the cell phones and identified that it belonged to WILSON.  Witherspoon then noticed that there was a text message on the phone from another female.  Witherspoon became upset and began providing information on WILSON.  Witherspoon stated to Detective Llopis that she had been with WILSON earlier in the evening and that while they were at his house, she observed WILSON place a

handgun under the cushion in the living room of his residence.  Witherspoon advised

Detective Llopis that WILSON had previously told her that he was a convicted felon.

Detective Llopis then directed other BBPD officers to respond to the residence of 201

Meadows Circle Boynton Beach, Florida and attempt to locate the firearm.

4.  BBPD Officers Jean and Joseph responded to 201 Meadows Circle Boynton Beach,

Florida and made contact with WILSON's mother, April Riley.  Officer Jean

explained to Riley of their investigation, and stated to her that they believed that there

may be items of evidentiary value located in her residence.  Riley agreed to cooperate

with the officers and voluntarily signed a BBPD Consent to Search Form for officers

to search her residence.  Also present at the residence was WILSON's brother, Junior

Riley.  Officer Jean conducted a consent search of the residence and located a Ruger

P95 9mm Semi-Automatic handgun; Serial number 317-67837, underneath the

cushion of the living room couch.  This was the same location that Witherspoon

stated she observed WILSON place the firearm.  Also located with the firearm were

three magazines.  One of the magazine was empty, a second contained (14) 9mm live

rounds, and the last magazine contained (35) 9mm live rounds.  The second magazine

was located in the firearm.  The rounds in all three ~~firearms~~ [magazines] were a mix of Remington

and Hornady ammunition.  Also located in the residence was a grey Ruger box that

had a sticker indicating the same serial number on the firearm.  Officer Jean requested

crime scene to respond to recover the firearm. Crime Scene Investigator Eichorst

responded and photographed and recovered the evidence from the residence.

5. At this time, Detective Llopis contacted your affiant and advised of the incident. Your affiant responded to BBPD and met with Detective Llopis and Witherspoon. An interview was conducted of Witherspoon that was audio/video taped. Witherspoon stated that she has been dating WILSON for approximately five months. She stated that during their relationship she has inquired into WILSON's past, and WILSON had admitted to her that he went to prison for Robbery, and Carjacking. Witherspoon stated that about three weeks ago, she was at WILSON's residence and saw him with a firearm. She said WILSON was wiping off the ammunition rounds and the firearm. Witherspoon stated that she made a comment to WILSON that he was a convicted felon and shouldn't have the firearm. Witherspoon stated that WILSON told her to just chill and not worry about it. Witherspoon stated that she had seen WILSON with the firearm approximately three times, and the last being on July 18, 2012. Witherspoon stated that they went to WalMart in Boynton Beach earlier that evening and then went back to WILSON's residence. Witherspoon stated that is when she observed WILSON remove the firearm from his back waistband and put it under the couch cushion. Witherspoon stated again she confronted WILSON about the firearm and was upset with him because he had carried it with him while they were together at WalMart.

6. BBPD Detective Diaz conducted an interview of WILSON related to the alarm and possible burglary at South Technical Education School. Detective Diaz read WILSON his Miranda Warnings, which he stated he understood, signed the Miranda warning card, and agreed to be interviewed. WILSON's interview was also audio/video taped. Detective Llopis and your affiant then spoke to WILSON

concerning the firearm.  Initially WILSON denied any knowledge of the firearm; however after several minutes of interviewing him, WILSON stated about three months ago he ran into a friend from prison that he only knows by the name "E" at the flea market on 45th Street in West Palm Beach.  WILSON stated that he and "E" began hanging out and a few weeks ago "E" was talking about a guy he knew in Belle Glade, Florida that wanted to sell a firearm.  WILSON stated that he agreed to purchase the firearm from the guy through "E".  WILSON stated that he paid $300.00 for the firearm, and $20.00 for the ammunition.  WILSON stated that he knew he was a convicted felon and could not be in possession of a firearm or ammunition. WILSON stated that would carry the firearm at times for protection depending on where he was traveling to or doing.

7.   On July 19, 2012 your affiant conducted an NCIC criminal history check and a computer check from the 15th Judicial Circuit Court Clerk of Courts website and discovered that Tavaress WILSON has been previously convicted of the following felonies, which are punishable by more than one year in the Department of Corrections.

August 17, 2007-Robbery and Carjacking-Case # 06CF016968AMB
September 26 2007-Robbery with Deadly Weapon-Case # 07CF000122AXX

8.   On July 19, 2012, TFO Raines consulted with ATF Special Agent Alan Oxley who have received extensive training in the manufacture and commerce of firearm, and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition on numerous prior occasions in the United States District Court for the Southern District of Florida, and elsewhere.  SA Oxley stated that a

Ruger P95 9mm firearm, and both Remington and Hornady ammunition is not manufactured in the State of Florida and therefore by its presence in Florida would have to have affected interstate and/or foreign commerce.

9. Based upon the previous facts, this affiant believes that there is probable cause to believe that Tavaress WILSON illegally possessed a firearm after being convicted of a crime punishable by a term of imprisonment exceeding one year in violation of Title 18 USC, section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NOT

_____
TROY L. RAINES
TASK FORCE OFFICER
BUREAU OF ALCOHOL,
TOBACCO, FIREARMS AND
EXPLOSIVES

Sworn to and subscribed before me this
19th Day of July, 2012

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 12-8283-DLB

### BOND RECOMMENDATION

DEFENDANT: TAVARESS WILSON

PRETRIAL DETENTION

(Surety) (Recognizance) (Corp. Surety) (Cash) (Jail)
(CSB) (No Bond) (Warrant) (Summons) (Marshal's Custody)

By: _Carolyn Bell_

**AUSA: CAROLYN BELL**

Last Known Address: 201 Meadows Circle

Boynton Beach, FL 33436

What Facility:

Agent(s): TFO Troy Raines

(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

ATF-TFO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   12-8283-DLB

UNITED STATES OF AMERICA

vs.

TAVARESS WILSON
                    Defendant.
_____/

## CRIMINAL COVER SHEET

1.   Did this matter originate from a matter pending in the Northern Region of the United States
     Attorney's Office prior to October 14, 2003?      _____ Yes   _X_ No

2.   Did this matter originate from a matter pending in the Central Region of the United States
     Attorney's Office prior to September 1, 2007?      _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____
      CAROLYN BELL
      ASSISTANT UNITED STATES ATTORNEY
      Court ID No. A5500286
      500 S. Australian Avenue, Suite 400
      West Palm Beach, FL 33401-6235
      Tel:  (561) 820-8711
      Fax: (561) 820-8777
      Email: carolyn.bell@usdoj.gov